Scott S. Thomas, Bar No. 21-275
sst@paynefears.com
Sarah J. Odia, Bar No. 21-279
sjo@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Phone (949) 851-1100
Fax (949) 851-1212

Attorneys for Plaintiffs/Counter-Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PULTE HOMES OF NEW MEXICO, INC., a Michigan corporation; PULTE DEVELOPMENT NEW MEXICO, INC., a Michigan corporation, | CIVIL NO.  1:21-cv-00996-JB-JHR |
| Plaintiffs, | |
| v. | JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN |
| CENTRAL MUTUAL INSURANCE COMPANY, an Ohio corporation; HDI GLOBAL SPECIALTY SE  fka INTERNATIONAL INSURANCE OF HANNOVER, a New York corporation; SENTINEL INSURANCE COMPANY, LTD, a Connecticut corporation; GEMINI INSURANCE COMPANY, a Delaware corporation; COLORADO CASUALTY COMPANY, a New Hampshire corporation; THE CINCINNATI INSURANCE COMPANY, an Ohio corporation; THE CINCINNATI CASUALTY COMPANY, an Ohio corporation; DONEGAL MUTUAL INSURANCE COMPANY fka MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a Pennsylvania corporation; FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota corporation; HARTFORD CASUALTY INSURANCE COMPANY, a New Jersey corporation; CLARENDON NATIONAL INSURANCE COMPANY, as successor in interest by way of merger with Sussex Insurance Company fka as Companion Property and Casualty Insurance Company, a Texas corporation; ACE AMERICAN INSURANCE | |

COMPANY, a Pennsylvania corporation;
FIRST MERCURY INSURANCE
COMPANY, a Delaware corporation;
CENTURY SURETY COMPANY, an Ohio
corporation; UNITED SPECIALTY
INSURANCE COMPANY, a Delaware
corporation; OHIO CASUALTY
INSURANCE COMPANY, a New Hampshire
corporation; AMERICAN STATES
INSURANCE COMPANY, an Indiana
corporation; NAVIGATORS INSURANCE
COMPANY, a New York corporation;
NATIONAL UNION FIRE INSURANCE
COMPANY
OF PITTSBURGH, PA, a Pennsylvania
corporation; STARR INDEMNITY &
LIABILITY COMPANY, a Texas
corporation; WESTFIELD INSURANCE
COMPANY, an Ohio corporation;
AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS, a Texas corporation;
SOUTHERN INSURANCE COMPANY, a
Texas corporation; NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD,
an Illinois corporation; WEST AMERICAN
INSURANCE COMPANY, an Indiana
corporation; STARR SURPLUS LINES
INSURANCE COMPANY, a Texas
corporation; ENDURANCE AMERICAN
INSURANCE COMPANY, a Delaware
corporation; OLD REPUBLIC INSURANCE
COMPANY, a Pennsylvania corporation;
KNIGHT SPECIALTY INSURANCE
COMPANY, a Delaware corporation,

        Defendants.

Pursuant to FED. R. CIV. P. 26(f), the parties held a  meeting on January 31, 2022 at

10:00 a.m. (Pacific) and filed their initial Joint Status Report and Provisional Discovery Plan on

February 14, 2022 (ECF No. 139).  Pursuant to the Court's Initial Scheduling Order entered on

October 18, 2022 (ECF No. 198), the parties held a second meeting on November 14, 2022 at

2:00 p.m. (Pacific). The meetings were attended by:

        Sarah J. Odia for Plaintiffs Pulte Homes Of New Mexico, Inc., and Pulte Development

New Mexico, Inc. (collectively "Plaintiffs" or "Pulte") (1/31/22 and 11/14/22);

Steven Gross for Defendant Central Mutual Insurance Company (1/31/22 only, now settled);

Brooke Mullvain and Emily Cottrell for Defendant Endurance American Specialty Insurance Company (1/31/22 and 11/15/22 by phone);

Heather L. McCloskey for Defendants Sentinel Insurance Company, Hartford Casualty Insurance Company, and Navigators Insurance Company (1/31/22 and 11/14/22);

Megan E. Ritenour for Defendants Gemini Insurance Company, United Specialty Insurance Company, and Knight Specialty Insurance Company (1/31/22 and 11/14/22);

Pamela Dunlop Gates for Defendant National Fire Insurance Company of Hartford (1/31/22 only, now settled);

Jacqueline D. Mosher for Defendants West American Insurance Company and American States Insurance Company (1/31/22 only, did not attend meeting on 11/14/22);

John A. Frase and Robert C. Evans for Defendants Cincinnati Insurance Company and Cincinnati Casualty Company (1/31/22 and 11/14/22);

Matthew A. Pullen for Defendant Donegal Insurance Company fka Mountain States Mutual Casualty Company (1/31/22 and 11/14/22);

James Silverstein for Defendant Clarendon National Insurance Company (1/31/22 only, now settled);

Cy Haralson for Defendants First Mercury Insurance Company (1/31/22 and 11/14/22) and United Specialty Insurance Company pursuant to Policy Number TWG42000442 (11/14/22);

Jeffrey O. Hutchins for Defendant Century Surety Company and United Specialty Insurance Company (1/31/22 and 11/14/22);

Randy Taylor for Defendant United Specialty Insurance Company pursuant to policy

number FEIS51000689 (1/31/22 and 11/14/22);

Nick Nunez for Defendant United Specialty Insurance Company (1/31/22); Cy Haralson (11/14/22);

Meena Allen for Defendant HDI Global Specialty SE fka International Insurance of Hannover ("HGS") (1/31/22 only, did not attend 11/14/22 meeting);

Dawn A. Hove and Jeffrey Federspiel for National Union Fire Insurance Company of Pittsburgh, Pa. (1/31/22 only, now settled);

Ryan C. Schotter and Emily Dotson for Defendant Starr Surplus Lines Insurance Company and Starr Indemnity and Liability Company (1/31/22 and 11/14/22); and

Ronald J. Childress and Mark Shutt for Defendant American Hallmark Insurance Company of Texas (1/31/22 only, now settled).

## I. <u>NATURE OF THE CASE</u>

### <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>

Plaintiffs may file an amended complaint naming additional insurer defendants.

Plaintiffs should be allowed 30 days after the November 23, 2022 Scheduling Conference is held by the Court to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants should be allowed 60 days after the November 23, 2022, Scheduling Conference is held by the Court to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

### <u>STIPULATIONS</u>

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1.      Pulte is a homebuilder that participated in the construction of a residential project known as Loma Colorado, which is located in Sandoval County, New Mexico.

2.      On or around November 8, 2019, homeowners in the Loma Colorado community filed Complaint against Pulte in Sandoval County, New Mexico State Court, Thirteenth Judicial District, entitled *Mack & Susan Allingham, et al. v. Pulte Homes of New Mexico, Inc., et al*., Case No.: D-1329-CV-2019-02462 (the "Allingham Claim") alleging property damage to their homes as a result of defective construction.

3.      The Allingham Claim was moved to arbitration before the American Arbitration Association, AAA Case No. 01-20-0007-2491.

4.      Defendants issued insurance policies to one or more subcontractors who performed work on the Loma Colorado development.

5.      None of the Defendants, except Clarendon National Insurance Company, have agreed to provide a defense to Pulte under the alleged policies issued to the subcontractors identified in the complaint as of the date of this report.

6.       Pulte entered into a settlement with the homeowners to resolve their claims against Pulte.

The parties further stipulate and agree that the law governing this case is:

## PLAINTIFFS' CONTENTIONS:

Plaintiffs contend that New Mexico state law governs Defendants' obligations to Plaintiffs under the insurance contracts, including New Mexico's Unfair Insurance Practices Act, NMSA Section 59A-16-l, *et seq.*

## DEFENDANT'S CONTENTIONS

First Mercury Insurance Company ("FMIC") denies Plaintiffs' allegations, denies they

owe a duty to defend or indemnify, and denies they violated the Unfair Insurance Practices Act and otherwise committed bad faith.

United Specialty Insurance Company ("USIC") denies Plaintiffs' allegations, denies they owe a duty to defend or indemnify under Policy No. TWG42000442, and denies they violated the Unfair Insurance Practices Act and otherwise committed bad faith.

Regarding United Issuing Policy TWG42000442, United denies Plaintiffs' allegations. Specifically, United denies that it failed to discharge its contractual duties to defend Pulte in the underlying Allingham claim. United denies that Pulte has direct rights as an additional insured under the United Policy TWG42000442. United denies that it acted in bad faith, and denies any violations of the Unfair Insurance Practices Act. United contends that its insured Monarch Builders, Inc. only performed work on one home in the Loma Colorado Project. Upon information and belief, this work completed by Monarch was done between October 15, 2010 and October 29, 2010. The policy period for policy no. TWG42000442 did not begin until December 10, 2010. Therefore, United owed no duties to Plaintiffs' under policy TWG42000442.

Regarding United Specialty Insurance Company ("USIC") pursuant to policy FEIS51000689, USIC denies Plaintiffs' allegations. In particular, USIC denies that it owed Plaintiffs duties to defend and indemnify or that it failed to discharge its contractual duties to defend or indemnify Plaintiffs. USIC denies that either Plaintiff has rights pursuant to policy FEIS51000689 as an additional insured or under any other theory or basis. USIC denies that it acted in bad faith or breached the Unfair Insurance Practice Act. USIC denies that Plaintiffs are entitled to the requested damages in the Complaint.

HDI Global Specialty SE fka International Insurance of Hannover denies Plaintiffs' allegations, denies they owe a duty to defend or indemnify and deny they violated the Unfair Insurance Practices Act and otherwise committed bad faith.

Gemini Insurance Company ("Gemini") denies the allegations of Plaintiffs' Complaint. Gemini denies that Pulte is entitled to defense or indemnity, as an additional insured, under

Policy No. VNGP001197 issued by Gemini to Chavez Roofing Corporation, or under any other alleged basis.  Gemini denies that it breached the Chavez Roofing policy, denies that it acted in bad faith in its handling of Pulte's claims, and denies that it violated the New Mexico Unfair Insurance Practices Act.  Gemini denies that Pulte is entitled to the damages it seeks from Gemini.

United Specialty Insurance Company ("USIC") and Knight Specialty Insurance Company ("KSIC") deny the allegations of Plaintiffs' Complaint.  USIC and KSIC deny that Pulte is entitled to defense or indemnity, as an additional insured or under any other alleged basis, under Policy No. BTO1517426 issued by USIC to Chavez Roofing Corporation, under Policy No. ATN-SF1711155 issued by USIC to Magnum Builders of New Mexico, Inc., or under Policy Nos. BVO 1432536, BVO 1543205, ATL1750057, ATL1860904 and KSVENA160035204 issued by USIC or KSIC to Otero & Sons Roofing Corp.  USIC and KSIC each deny that it breached the aforementioned policies, deny that it acted in bad faith in its handling of Pulte's claims, and deny that it violated the New Mexico Unfair Insurance Practices Act.  USIC and KSIC deny that Pulte is entitled to the damages it seeks from USIC and KSIC.

Endurance American Specialty Insurance Company ("Endurance") issued commercial general liability policies to named insured Magnum Builders of New Mexico, Inc. ("Magnum").  Endurance contends that it owes no obligation to defend or indemnify Plaintiffs with respect to the Allingham Claim because Plaintiffs do not qualify as additional insured(s) and/or for additional insured coverage based on the terms, conditions, exclusions and/or limitations to the policies issued by Endurance to Magnum. Endurance also contends that it acted within its rights, did not act in bad faith, did not violate the New Mexico Unfair Insurance Practices Act, and did not breach any duty owed to Plaintiffs with respect to the Allingham Claim.

Defendants West American Insurance Company, American States Insurance Company, and First Mercury Insurance Company deny Plaintiffs allegations, deny that they owe a defense or indemnity under the policies issued to their insureds.  These defendants further deny statutory violations or bad faith claims handling.

Cincinnati Insurance Company ("Cincinnati") denies the allegations contained in Plaintiff's Complaint. Specifically, Cincinnati denies that Plaintiff is owed a defense or indemnification under Cincinnati's insurance policies issued to Aspen Concrete, LLC, Aspen Construction, LLC, Amestoy Dri-Wall & Amestoy Stucco, Inc., Bees Construction, and/or Williams Drywall, Inc. as an additional insured or any other alleged basis. Cincinnati denies that it acted in bad faith, denies that it breached its contractual or legal obligations to its insureds or in handling Pulte's claims, denies it violated the New Mexico Unfair Insurance Practices Act, and denies that Pulte is entitled to any damages as claimed in the Complaint.

Sentinel Insurance Company, Ltd. ("Sentinel"), Hartford Casualty Insurance Company ("Hartford'), and Navigators Insurance Company ("Navigators") deny the allegations of Plaintiffs' Complaint.  Sentinel, Hartford and Navigators also deny that Pulte is owed any defense or indemnity, as an additional insured or otherwise, under any policies of insurance issued by Sentinel to Aldermill, Inc., Redline Mechanical, LLC, or Southwest Realty Inc. ("Southwest"), by Hartford to Caskey Drywall NM, LLC, Southwest and Williams Drywall, Inc., or by Navigators to Charles M. Walker.  Sentinel, Hartford and Navigators deny that they breached the aforementioned policies, or that they acted in bad faith in the handling of Pulte's claims.  Sentinel, Hartford and Navigators deny that they violated the New Mexico Unfair Insurance Practices Act.  Sentinel, Hartford and Navigators deny that Pulte is entitled to any damages sought in the Complaint.

Century Surety Company and United Specialty Insurance Company with regards to the following policies for Magnum Builders of New Mexico, Inc., (Policy Nos. CCP789871 and USA4000686) and Chavez Lath and Plastering, Inc. (Policy Nos. CCP745722, CCP790808, CP799138, CCP795196, USA4000819, and USA4080249), denies Plaintiffs' allegations, denies they owe a duty to defend or indemnify and deny they violated the Unfair Insurance Practices Act or otherwise committed bad faith.

Donegal Mutual Insurance Company f/k/a Mountain States Mutual Casualty Company ("MSMCC") denies the allegations contained in Plaintiff's Complaint. Specifically, MSMCC

denies that Plaintiff is owed a defense or indemnification under MSMCC's insurance policies issued to Amestoy Dri-Wall, Inc. and Chavez Roofing Corporation, Inc. as an additional insured or any other alleged basis. MSMCC denies that it acted in bad faith, denies that it breached its contractual or legal obligations to its insureds or in handling Pulte's claims, denies it violated the New Mexico Unfair Insurance Practices Act, and denies that Pulte is entitled to any damages as claimed in the Complaint. MSMCC incorporates, by reference herein, the denials, affirmative defenses, and allegations contained in its Answer and Counterclaim filed herein [Doc. No. 58] in further support of and delineation of its contentions in this matter.

Starr Surplus Lines Insurance Company ("Starr Surplus") denies the allegations in Plaintiffs' Complaint. Starr Surplus denies that Plaintiffs are entitled to a defense or to indemnity under the policies of insurance issued by Starr Surplus to Magnum Builders of New Mexico as "Additional Insureds" or under any other basis alleged in Plaintiffs' Complaint. Starr Surplus denies that it breached any provision of the policies it issued to Magnum Builders of New Mexico, that it acted in bad faith in investigation or handling of Plaintiffs' claims to defense and indemnity under the policies, and denies that it violated the New Mexico Unfair Insurance Practices Act. Starr Surplus denies that Plaintiffs are entitled to any damages or other relief sought against Starr Surplus as alleged in their Complaint.

## II. <u>PROVISIONAL DISCOVERY PLAN</u>

The parties jointly propose to the Court the following discovery plan:

**Plaintiffs' Witnesses**: Plaintiffs' will take the depositions of the FRCP 30(b)(6) witnesses for each of the Defendant insurers as well as the claim adjusters who handled each of the underlying insurance claims for the Defendants. Plaintiffs may also call these witnesses to testify at trial.

**Defendants' Witnesses**: Defendants will take the depositions of the FRCP 30(b)(6)

witness for Plaintiffs as well as the homeowners, subcontractors that worked on the job, possibly counsel for Pulte regarding tenders and defense fees/costs, and Plaintiffs' and the homeowners' experts in the Allingham Claim.  Defendants may take the deposition of Plaintiffs' counsel(s) in the Allingham Claim. Defendants may also call additional witnesses at trial.

**Plaintiffs' Exhibits**: Plaintiffs anticipate that its exhibits at trial will consist of the Defendants' claim files for each of the underlying insurance claims, including their claim notes; Defendants' named insured files related to their respective named insured subcontractors' tender of the Allingham Claim, including claim notes; Defendants' underwriting files for the policies at issue in this litigation; any correspondence between Defendants, Plaintiffs, and/or Defendants' named insured subcontractors related to the Allingham Claim; the pleadings, subcontractor job files, correspondence, and expert reports from the underlying Allingham claim.

**Defendants' Exhibits:** Defendants anticipate that their exhibits at trial will consist of Defendants' respective policies involved in the Allingham Claim; Defendants' respective claim files regarding Plaintiffs' additional insured tender for the Allingham Claim;  correspondence between the Defendants and Plaintiffs regarding Plaintiffs' additional insured tender for defense and indemnification; the pleadings, written discovery from the Allingham Claim, the Plaintiffs' job file for the subcontractors involved in the Allingham Claim; the subcontractors' job files for the Allingham Claim; all expert reports from the homeowners' experts and Plaintiffs' experts involving the Allingham Claim; and all legal, expert, and vendor invoices incurred by Plaintiffs in the defense of the Allingham Claim, including all payments made.

Defendants disagree that the Defendants' named insured files related to the Defendants' respective named insured subcontractor tenders of the Allingham Claim (if any) are relevant for purposes of this litigation which concerns Plaintiffs' additional insured tender to the Defendants

only. Plaintiffs are currently suing the named insured subcontractors in a separate action pending

in New Mexico state court, and therefore, providing the named insured claim files to the

Plaintiffs would be highly prejudicial to the subcontractors' defense as well as violate attorney-

client privilege held by the named insured.  Moreover, Defendants disagree that the underwriting

files associated with the policies at issue in this litigation are relevant for purposes of this

litigation.

Discovery will be needed on the following subjects:

**Plaintiffs' Position**: Plaintiffs served all of the Defendant insurers with written discovery

requests on October 5, 2022. Plaintiffs requested that Defendants produce all non-privileged

portions of: (1) Defendants' claims files related to Plaintiffs' tender of the Allingham Claim to

the Defendants, including Defendants' claim notes, (2) Defendants' claim files related to the

Defendants' named insured subcontractors' tender of the Allingham Claim to Defendants,

including claim notes and coverage position letters, and (3) Defendants' applicable claim

handling guidelines in place from the time Plaintiffs tendered the Allingham Claim to

Defendants to present. Plaintiffs request that the Court order the Defendants to produce these

documents with their responses to Plaintiffs' written requests for production of documents in

order to avoid multiple motions to compel the Defendants to produce these documents. In

addition to these documents, discovery will be needed on the following topics: Defendants'

handling of Plaintiffs' tender of the Allingham Claim under their respective policies; the

Defendants' handling of their named insured subcontractors' tender of the Allingham Claim; the

amount of liability that Plaintiffs will incur to the homeowners asserting the Allingham Claim as

a result of each of the Defendants' respective named insured subcontractor's work; the amount of

defense costs that Plaintiffs will incur defending against the Allingham Claim; whether the

Allingham Claim includes allegations of potential property damage potentially covered by Defendants' insurance policies that are at issue in this case; whether Plaintiffs are additional insured under Defendants' insurance policies; any consequential damages incurred by Plaintiffs as a result of Defendants' breach of their insurance policies; whether Defendants' breached New Mexico's Unfair Claims Practices Act; whether Defendants' breached their insurance policies; and whether Defendants acted in bad faith in handling Plaintiffs' tender of the Allingham Claim; whether Defendants insurers that have breached their duty to defend Plaintiffs against the Allingham Claim have lost their ability to raise coverage defenses under New Mexico law, and are jointly and severally liable for the full amount of the settlement between Plaintiffs and the homeowners, as recognized by the Court in *State Farm Fire & Cas. Co. v. Ruiz*, 36 F. Supp.2d 1308, 1318 (D.N.M. 1999) .

**Defendants' Position**:

Defendants object to Plaintiffs' request for a blanket order to compel production. Plaintiffs' actual discovery requests are different—in particular broader—than Plaintiffs have summarized. Responses and objections have been and will be made in good faith. Defendants' responses to Plaintiffs' requests are particular to each respondent, and it would amount to an advisory opinion for the Court to order production of materials in the abstract and without fact-specific context.

Discovery will be needed on the following topics:  Plaintiffs' additional insured tender for defense and indemnification under the Defendants' respective policies for the Allingham Claims; the total liability incurred by Plaintiffs' relative to the Allingham homeowners' arbitration claims; any settlements between Plaintiffs and the homeowners and Plaintiffs and the subcontractors regarding the Allingham Claims, the total allocation of liability to the various

subcontractors for the Allingham Claims based on the subcontractors' scope of work; the total defense fees and costs incurred by Plaintiffs to defend the Allingham Claims; whether Plaintiffs incurred any defense fees and costs that were not paid by other insurers; the total payments for all defense fees and costs incurred by Plaintiffs for the Allingham Claims; whether there is property damage covered under the Defendants' insurance policies; whether there is damage to property other than the work of the subcontractors involved in the Allingham Claim; the cause of any alleged damage;  the total damages sought by Plaintiffs; the scope of work of the subcontractors' contracts for work on the project which is the subject of the Allingham Claims, the subcontractors' contracts for work on the project which is the subject of the Allingham Claims, Plaintiffs' claim of breach of the New Mexico Fair Claims Act by Defendants; Plaintiffs' claim of bad faith in Defendants' handling of Plaintiffs' additional insured tender.

The Defendants disagree that discovery is needed on Defendants' handling of Defendants' named insured's tender (if any) in the Allingham Claims because the named insureds are not part of this litigation and the named insureds' tender (or lack thereof) is not relevant to Plaintiffs' additional insured tender to Defendants. Plaintiffs are currently suing the named insured subcontractors in a separate action pending in New Mexico state court, and therefore, providing the named insured claim files to the Plaintiffs would be highly prejudicial to the subcontractors' defense.

The parties agree to a maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service). The Defendant Insurers are allowed to propound an additional 10 agreed upon interrogatories to Pulte as discussed below.

The parties agree to a maximum of 35 requests for admission by each party to any other party.  (Response due 30 days after service).

The parties agree to a maximum of 8 depositions of witnesses by each Defendant. Plaintiffs may take 8 depositions of witnesses for each Defendant.  Furthermore, the parties agree that if a party believes "good cause" exists to exceed any of the discovery limits identified above, the party seeking to exceed the discovery limits identified above can file a Motion seeking such relief.

**Plaintiff contends** that Defendants must coordinate in deposing Plaintiffs' witnesses, and that Plaintiffs' witnesses will not be produced for more than one deposition, though Plaintiffs will stipulate to allow their witnesses' deposition to exceed seven hours.

**Defendants contend** that each Defendant should be able to depose Plaintiffs' witnesses separately, which may result in Plaintiffs' witnesses being produced for more than one deposition of seven hours.  A primary issue in this litigation is Pulte's decision to tender to each Defendant Insurer, the factual basis for each tender, the information provided in the tender, and any follow-up communications and requests for additional information associated with each tender. Pulte must provide testimony and evidence of the factual basis for the tender under the at-issue policy, for each policy at issue, and Pulte has the burden to prove that an occurrence causing property damage took place during the policy period.

Approximately ten different Defendant Insurers and thirty-eight insurance policies remain in controversy. Between each of the Defendant Insurers and each of the involved policies, there are seven subcontractors involving a variety of trades who allegedly caused Pulte's damages through faulty workmanship. Several of the subcontractors have policies with several different Defendant Insurers.

A single Pulte corporate representative to testify to the tender to each insurer under each policy period would only allow for approximately eleven minutes of questioning into the

evidence supporting the tender under each involved policy, which is wholly insufficient and not in the interests of justice.  Splitting up the time between each Defendant Insurer allows for forty-two minutes of questioning, regardless of the number of policy periods and subcontractors involved.  To address this inequity, the Defendant Insurers propose as follows:

1.      Within the next 30 days, counsel for Pulte and counsel for each Defendant Insurer will agree on a set of 10 standard interrogatory questions related to the claims against each Defendant Insurers for the alleged faulty workmanship of each involved subcontractor.  The 10 standard interrogatory questions shall not count toward the 25 total interrogatories allowed for the Defendant Insurers.  For purposes of clarification, the Defendant Insurers are allowed to propound a total of 35 interrogatories;

2.      If an agreement cannot be reached between the parties regarding the 10 interrogatories, Pulte and the Defendant Insurers agree to utilize a mediator and/or arbitrator to determine the 10 interrogatories;

3.      Pulte will, with specificity and without objection, answer these 10 standard interrogatory questions;

4.      With the remaining issues not addressed by the standard interrogatories, Defendant Insurers agree that each Defendant Insurer shall be allocated one hour of questioning for each designated Pulte corporate representative.

**Plaintiff contends** that each deposition should be limited to maximum of seven hours unless extended by agreement of parties.

**Defendants contend** that each deposition should be limited to a maximum of seven hours, unless extended by agreement of the parties or unless it involved the deposition(s) of Pulte's corporate representative(s) as discussed above.

Reports from retained experts under Rule 26(a)(2) due:

> from Plaintiff(s) by January 30, 2023.

> from Defendant(s) by March 30, 2023.

Supplementation under Rule 26(e) due April 28, 2023.

All discovery commenced in time to be complete by May 28, 2023.

Other Items:  Any parties who have not served initial disclosures pursuant to FRCP 26(a)

shall do so by December 15, 2022.

## III. <u>PRETRIAL MOTIONS</u>

Plaintiffs intend to file pre-trial motions, but will not know the subject matters of any

such motions until after discovery is complete.

Defendants intend to file pre-trial motions, including motions for summary judgment, but

will not know the subject matters of any such motions until after discovery is complete.

Defendant United Specialty Insurance Company pursuant to policy number

FEIS51000689 intends to file motion(s) for summary judgment on the claims against it.

Defendants Sentinel, Hartford and Navigators intend to file motion(s) for summary

judgment on the claims asserted against them.

## IV. <u>ESTIMATED TRIAL TIME</u>

The parties estimate trial will require 5-6 weeks.

\_\_\_\_ This is a non-jury case.

<u>X</u>   This is a jury case.

The parties request a pretrial conference in June 2023.

## V. <u>SETTLEMENT</u>

The parties mediated this case with mediator Lee Shidlofsky on November 3, 2022. As a

result of the mediation, Plaintiffs have entered into settlements with the following Defendants:

1.     Cincinnati Insurance Company and Cincinnati Indemnity Company under policies issued to Amestoy Dri-Wall, Quality Builders, Williams Drywall, Bees Construction, Aspen Concrete, and Aspen Construction (Plaintiffs have asserted claims against Cincinnati under policies issued to A Management dba Amestoy Stucco that have not yet been resolved);

2.     Claims asserted against Donegal Mutual Insurance Company fka Mountain States Insurance Company under policies issued to Amestoy Dri-Wall;

3.     All claims asserted in this litigation against Clarendon National Insurance Company;

4.     All claims asserted in this litigation against National Union Fire Insurance Company of Pittsburgh, Pa.;

5.     Claims against Starr Surplus Lines Insurance Company under policies issued to ISI Design (Plaintiffs have asserted claims in this litigation against Starr under other policies that have not yet been resolved);

6.     All claims asserted in this litigation against National Fire Insurance Co. of the Hartford;

7.     All claims asserted in this litigation against American Hallmark Insurance Company Of Texas;

8.     All claims asserted in this litigation against Westfield Insurance Company; and

9.     All claims asserted in this litigation against Central Mutual Ins. Co.

**Plaintiffs' Position**: The majority of the insurers, especially those with large exposure for indemnity liability to Plaintiffs, were not prepared for mediation and did not mediate in good faith. Plaintiffs issued settlement demands to the insurers on or around July 28, 2022, more than

three months prior to the mediation. The settlement demands included expert reports prepared by

the Allingham homeowners' experts (Plaintiffs received an assignment of the homeowners'

experts as part of Plaintiffs' settlement with the homeowners) setting forth the homeowners'

allegations of property damage that are covered under each of the Defendant insurers' policies.

In addition, Plaintiffs have already produced over 21,000 pages of documents in this case,

including  all of the job files, pleadings, disclosures, and expert reports from the underlying

Allingham Claim evidencing the homeowners' allegations of property damage that is covered

under the Defendant insurers' policies, and Plaintiffs' defense invoices evidencing the amounts

Plaintiffs incurred defending the underlying case

Despite the wealth of information Plaintiffs have provided to the Defendant insurers,

many of them came to the mediation unprepared, without reasonable settlement authority, and

claiming that they lacked information necessary to determine coverage under their policies.

Plaintiffs request that the Court order the parties to participate in a mandatory in-person

settlement conference by no later than April 1, 2023, and require in-person participation from a

claim adjuster with full settlement authority for each of the Defendant insurers.

**Defendants' Position**:

Argument and assertions regarding whether mediation was conducted in good faith are

not appropriately included in this Joint Status Report and Provisional Discovery Plan or

otherwise brought to the attention of the trial judge. Plaintiffs do not claim that any Defendant

failed to resolve underlying claims in bad faith, therefore Plaintiffs' "position" is irrelevant and

potentially prejudicial, especially in the context of Plaintiffs' actual claims. Defendants deny that

they were not prepared for mediation, did not have reasonable settlement authority, and did not

otherwise mediate in good faith.

Defendants further object to Plaintiffs' request that the Court compel an in-person mediation in this matter. As shown by the several Defendants which reached settlement with Pulte during the November 3, 2022 mediation, remote mediation via the Zoom or other web-based platform is effective. Compulsory in-person mediation would require interstate travel by most, if not all, party representatives and adjustors, thereby imposing a high and unnecessary expense on all Parties.

## VI. **EXCEPTIONS**

The Plaintiffs and Defendants have different contentions regarding whether the Court should enter an order compelling the Defendants to produce certain documents that Plaintiffs have requested; whether the Court should order the parties to participate in a mandatory settlement conference; the law governing this case; whether Plaintiffs' witnesses should be made available for deposition more than one time; whether discovery should be allowed regarding the Defendants' named insureds' claim files, tenders, and/or other communications when the named insureds are not parties to this litigation and this litigation involves Plaintiffs' additional insured tender to Defendants only including the fact that Plaintiffs are currently suing the named insured subcontractors in a separate action pending in New Mexico state court, and therefore, providing the named insured claim files to the Plaintiffs would be highly prejudicial to the subcontractors' defense and will violate the named insureds' attorney-client privileges, and whether the underwriting files must be produced, as outlined herein.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*/s/ Sarah J. Odia*
For Plaintiffs Pulte Homes of New Mexico, Inc. and
Pulte Development New Mexico, Inc.

*/s/ Steven Gross (with permission)*

For Defendant Central Mutual Insurance Company

*/s/ Emily G. Cottrell (with permission)*

For Defendant Endurance American Specialty
Insurance Company

*/s/ Heather L. McCloskey (with permission)*

For Defendants Sentinel Insurance Company,
Hartford Casualty Insurance Company, and
Navigators Insurance Company

*/s/ Megan E. Ritenour (with permission)*

For Defendants Gemini Insurance Company,
United Specialty Insurance Company, and Knight
Specialty Insurance Company

*/s/ Pamela Dunlop Gates (with permission)*

For Defendant National Fire Insurance Company of
Hartford

*/s/ Jacqueline D. Mosher (with permission)*

For Defendants West American Insurance Company
and American States Insurance Company

*/s/ John A. Frase (with permission)*

For Defendants Cincinnati Insurance Company and
Cincinnati Casualty Company

*/s/ Robert C. Evans (with permission*)

For Defendants Cincinnati Insurance Company and
Cincinnati Casualty Company

*/s/ Matthew A. Pullen (with permission)*

For Defendant Donegal Insurance Company fka
Mountain States Mutual Casualty Company

*/s/ Cy Haralson (with permission)*

For Defendants First Mercury Insurance Company
and United Specialty Insurance Company for policy
number TWG42000442

*/s/ Jeffrey O. Hutchins (with permission)*

For Defendant Century Surety Company and United
Specialty Insurance Company

*/s/ Randy Taylor (with permission)*

For Defendant United Specialty Insurance
Company pursuant to policy number FEIS51000689

*/s/ Meena Allen (with permission)*

For Defendant HDI Global Specialty SE fka
International Insurance of Hannover ("HGS")

*/s/ Dawn A. Hove (with permission)*

For Defendant National Union Fire Insurance
Company of Pittsburgh, Pa.

*/s/ Jeffrey Federspiel (with permission)*

For Defendant National Union Fire Insurance
Company of Pittsburgh, Pa.

*/s/ Ryan C. Schotter (with permission)*

For Defendant Starr Surplus Lines Insurance
Company and Starr Indemnity and Liability
Company

*/s/ Ronald J. Childress (with permission)*

For Defendant American Hallmark Insurance
Company of Texas

*/s/ Mark Shutt (with permission)*

For Defendant American Hallmark Insurance
Company of Texas

4871-1496-5054.2